39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re SANTA CLARA CIRCUITS NORTH INC., a Washington
Corporation, Debtor.
Michael B. McCARTHY, Plaintiff-Appellee/Cross-Appellant,
v.
ALAN BAKER CO. INC., a foreign Corporation,
Defendant-Appellant/Cross-Appellee,
and
Louis Marinoni, a single person, Defendant.
 Nos. 93-35678, 93-35715.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1994.
Decided Nov. 2, 1994.
 
 Before: LAY,* TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The Alan Baker Company ("ABC") appeals from the district court's affirmance of the decision of the bankruptcy court. The bankruptcy court found that Santa Clara Circuits North, Inc. ("SCCN") had transferred substantially all its assets to ABC with the intent to hinder or delay creditors.[1] The court accordingly avoided the transfer under 11 U.S.C. Sec. 548(a)(1),[2] and awarded the trustee of SCCN $400,000 in damages from ABC under 11 U.S.C. Sec. 550(a)(1).[3] On appeal, ABC asserts (1) that the bankruptcy court's factual finding that SCCN transferred substantially all its assets to ABC with the intent to hinder or delay creditors was clearly erroneous; (2) that the bankruptcy court erred in awarding damages to the trustee because no actual loss was incurred by the unsecured creditors; and (3) that the bankruptcy court erred in imposing damages only against ABC and not against Marinoni, the president and sole shareholder of SCCN.
 
 
 3
 The trustee has filed a cross-appeal urging that the bankruptcy court should have awarded an additional $100,000 in damages based on the amount of the secured debt at the time the assets of SCCN were transferred and that it should have awarded an additional $50,000 in damages based on the amount of accounts receivable at the time that the assets of SCCN were transferred.
 
 
 4
 Upon review of the record, we find the bankruptcy court's determination that the transfer of SCCN's assets to ABC was done with the intent to hinder or delay creditors is supported by substantial evidence and is not clearly erroneous. As indicated, Louis Marinoni was the principal shareholder of SCCN. The district court in affirming the bankruptcy court's opinion observed:
 
 
 5
 The inferences to be drawn from Marinoni's focus on his personal guarantee and his post transaction dealings is [sic] that he was solely concerned with his personal benefit. While the sale of the assets deprived the unsecured creditors of any recovery of their debt, he made sure that he and his wife, as well as other creditors crucial to the plant operation under the new company, were paid. This self-interest is at the center of the [Bankruptcy] Court's ruling, and is further illustrated by the favorable lease terms he negotiated for himself with Hanson's new company. As the Bankruptcy Court stated, Marinoni was "on a course of protecting his own interests, the balance of the creditors be damned."
 
 
 6
 We further find that the bankruptcy court's determination that the unsecured creditors were in fact damaged is supported in the record. And, finally, we reject the claim that it was wrong to impose damages only against ABC because Sec. 550(a)(1) permits the trustee to hold the initial transferee liable. It is undisputed here that ABC was the initial transferee. On that basis, we affirm the judgment of the district court.
 
 
 7
 We similarly deny the cross-appeal and find that there is support in the record for the amount of money the bankruptcy court awarded, and no additional sums should be allowed.
 
 
 8
 We have determined that there is no error of law and that the bankruptcy court's findings are not clearly erroneous. We affirm the district court.
 
 
 9
 JUDGMENT AFFIRMED.
 
 
 
 *
 Hon. Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We see no need to duplicate the facts which are succinctly set forth in the district court's opinion
 
 
 [2]
 This section states:
 (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily--
 (1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.
 
 
 [3]
 The section reads:
 (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from--
 (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made.